Victoria Kostecki, Administratrix of Estate of Elizabeth Nilles, Deceased, and Mildred Keene, Administratrix of Estate of Loretta E. Kostecki, Deceased, Appellees, v. Guiseppe Zaffina, Administrator De Bonis Non of Estate of Wilbur Soden, Deceased, Appellee.

Guiseppe Zaffina, Administrator De Bonis Non of Estate of Wilbur Soden, Deceased, for use of Victoria Kostecki, Administratrix, and Mildred Keene, Administratrix, Appellees, v. Utilities Insurance Company, Appellant.

Gen. No. 42,116.

Heard in the third division of this court for the first district at the February term, 1942. Opinion filed December 9, 1942.

SCHUYLER & HENNESSY, of Chicago, for appellant; ALLAN T. GILBERT and JAY STOUGH, both of Chicago, of counsel.

AUGUSTINE J. BOWE and WILLIAM J. BOWE, both of Chicago, for appellees; JOHN D. CASEY, of Chicago, of counsel.

Mr. Presiding Justice Burke delivered the opinion of the court.

On October 19, 1936 Wilbur Soden purchased a 1937 Plymouth four-door sedan automobile bearing engine No. P4-28159 and factory serial No. 10115840. While he was driving this automobile at or near Blodgett, in Will county, Illinois on July 4, 1938 with Elizabeth Nilles and Loretta E. Kostecki as guests, it collided with a railroad locomotive being operated by the Alton Railroad, resulting in the death of all occupants. On April 8, 1939 Victoria Kostecki, administratrix of the estate of Elizabeth Nilles, deceased, and Mildred Keene, administratrix of the estate of Loretta E. Kostecki, deceased, filed a complaint against the railroad company and Morris J. Drezner, as administrator of the estate of Wilbur Soden, deceased, and asked damages in the sum of $10,000 for each plaintiff. The railroad company was dismissed by plaintiffs before the trial. The trial resulted in judgments of $10,000 and $7,500 against the administrator of the estate of Wilbur Soden, deceased. These judgments being in no part satisfied, an affidavit of garnishment was filed on May 20, 1941 and the Utilities Insurance Company was summoned as garnishee. A trial before the court without a jury resulted in a judgment against the garnishee for $5,000 in favor of each plaintiff, to reverse which this appeal is prosecuted.

The garnishee maintains that it is not liable as the policy did not cover the automobile involved in the collision, and plaintiffs insist that the garnishee is liable because the policy covered the automobile. In 1935 the garnishee issued its policy of automobile liability insurance to Soden covering a 1935 Plymouth two-door sedan, engine No. PJ-121860, serial factory No. 2481012. The exact date on which the insured purchased this car does not appear, but certificate of title No. TO-450290

was issued thereon by the Secretary of State on April 29, 1935. The policy ran from April 29, 1935 to April 29, 1936. In 1936 a second policy was issued for the period from April 29, 1936 to April 29, 1937. On October 19, 1936 Soden bought a new car, a 1937 Plymouth four-door sedan, engine No. P4-28159, factory serial No. 10115840. Upon the insured's application, the Secretary of State thereupon issued to him certificate of title No. N-851514 covering the new car. There is a conflict as to when the insured disposed of his first car. We find that the evidence shows that at the time the new car was purchased, the old car was taken in trade by the dealer. A third policy was issued for the period from April 29, 1937 to April 29, 1938. A fourth policy was issued for the period from April 29, 1938 to April 29, 1939. Plaintiffs' claim is bottomed on the latter policy. On April 29, 1938 Soden owned only one automobile, namely, the 1937 Plymouth sedan purchased on October 19, 1936. This is the car involved in the accident. The first policy, issued in 1935, covered a 1935 Plymouth sedan, engine No. PJ-121860, serial factory No. 2481012. It is undisputed that this automobile was owned by the insured when the 1935 policy was issued. In the succeeding year a new policy was issued. Through some error the automobile was described in the policy as a 1936 model. However, the correct engine and serial numbers continued to identify it. When the insured purchased his new car in October 1936, he gave no notice to the garnishee that he had a new car or that he no longer owned the original car. The second policy and the subsequent policies described the same automobile as the first policy, except that through error the year of manufacture was given as 1936 instead of 1937, the body style, engine and factory numbers being correctly given. In the first policy covering the year beginning April 29, 1935, the automobile was described as a 1935 Plymouth two-door sedan and the engine and serial numbers were correctly

given. In the policies covering the year beginning April 29, 1936, and the year beginning April 29, 1937, the same description was given as in the first policy issued, except that the automobile was erroneously described as a 1936 model. In the policy covering the year beginning April 29, 1938, the policy in question in this case, the description is the same as for the two years preceding. In the first three policies the numbers are given under the designation "Serial Number" and "Motor Number." Below that listing appears the number 2481012, the serial number of the first car, and PJ-121860, the motor number of the first car. However, in the fourth policy the printed heading for the numbers reads: "Motor Number" and "Serial Number," the terms having been transposed. Below that is typewritten the number 2481012, actually the serial number of the first car, and PJ-121860, actually the motor number of the first car. It is obvious that the typist who wrote up the fourth policy copied the previous policies, but failed to change the positions of the numbers to correspond with the transposed terms. Neither the garnishee nor any of its agents knew prior to the accident on July 4, 1938 that Soden had disposed of his first car, or that he was the owner of or operating the second car. The company at no time knew how many cars he owned, nor did his broker. Soden at one time gave notice of a change in his address, to take care of which the company furnished an indorsement. He gave no notice to the insurance company or to his broker, Joslyn, of the fact that he had bought a new car, or that he had sold the first car. In sending the policies, his broker wrote him asking if the policies were in order and requesting information should there be any changes.

Plaintiffs point out that the policy issued for each year was a separate contract, made without reference to the preceding year's policy, and that in April 1938 both Soden and the insurance company knew that So-

den owned and operated a Plymouth sedan, and state that when the policy was issued the company intended to provide Soden with insurance coverage on his sedan, that the policy issued insured Soden in the operation of a Plymouth sedan, and that only one car in the world answered that description, which was the sedan he owned. They also point out that the policy stated that the car had motor No. 2481012, which did not correspond with the motor number of any car Soden ever owned, and that the car was described as a 1936 model, a model which he never owned. Plaintiffs argue that the mixup in numbers was a matter of which the company had notice when it issued the policy. They also contend that the motor and serial numbers are not material to the risk on a liability policy, and that Soden's car was sufficiently identified by other descriptive items in the declaration.

We have read the cases cited by the parties in support of their respective contentions. It is true that at the time the insurance was placed and at the time of the accident, Soden had but one car. The evidence shows that in October 1936 he purchased a new car, but did not give this information to the insurance company. When the third and fourth policies were issued they bore substantially the same description as the first policy. The policy in effect at the time of the accident described the automobile as a two-door sedan with a certain motor and serial number. The car that he then owned and was driving was a four-door sedan purchased in October 1936, which, of course, had different motor and serial numbers than shown on his policy. We agree with the garnishee that this is not a case where the description of the car was inaccurate. The car covered by the policy was adequately described. The policy relied upon by plaintiffs describes the first car and not the second car. The evidence shows that the garnishee at no time had any knowledge or notice that the car covered by the policy issued to

Soden as the insured, no longer belonged to him. His conduct was calculated to, and did lead the garnishee to believe that he still owned that car. The garnishee nad no knowledge as to how many cars Soden owned, nor did it have any knowledge that he acquired the car actually involved in the accident. Soden accepted and retained possession of the policy in question even after having been asked if it was satisfactory and replying that it was. The record shows that the car intended to be covered by the contract of insurance was the car purchased in 1935, and not the car involved in the accident. The authorities hold that a misdescription of a particular car would not prevent recovery under the policy if it could be shown that the identity of the car involved in the accident was the same as the car whose operation was intended to be covered by the issued policy. This is not a case where there was a misdescription of the car. It is a case where the car described in the policy was not involved in the accident. It is clear to us that the car described in the policy on which plaintiffs rely was the first car purchased by Soden, and not the car involved in the collision. In their petition for rehearing, plaintiffs discuss our finding of fact that Soden disposed of his first car by turning it in to the dealer when he bought his second car in 1936. They argue that as Soden had disposed of the first car, he naturally intended to insure his liability while driving the second car, and that he did not intend to do anything as foolish as to pay a premium for insuring the operation of a car which he no longer owned. Plaintiffs contend that the court overlooked the true nature of the insurance contract, and that it was not the car that was covered or insured, but Soden himself. No one will dispute that Soden was the insured. The contract was made between the insurance company and Soden, acting through his insurance broker, covering the operation of a certain automobile. The rights under the insur-

ance policy are determined by the language of the policy. The policy is a contract and embodies the agreement of the parties. The unexpressed intention of Soden that the policy, which, by its terms, insured the operation of a car he purchased in 1935 should in fact insure him in the operation of a different car which he purchased in 1936, cannot be given effect. This was not a case of mutual mistake. The neglect of Soden to procure a policy insuring him in the operation of the new car cannot be remedied by (in effect) making a new contract embracing his unexpressed intention. The parties make their own contracts.

The policy in suit insured Soden for the period from April 29, 1938 to April 29, 1939. Item No. 4 gives the description of "the automobile." Item No. 5 states the purpose for which "the automobile" is to be used, as "pleasure and business." Item No. 6 states that the insured is the sole owner of "the automobile." The part of the policy designated as "Insuring Agreements" provides that the company is to pay because of injury or death arising out of the ownership, maintenance or use of "the automobile." The part relating to property damage also provides for payment by the company for damages because of injury or destruction of property arising out of the ownership, maintenance or use of "the automobile," and also provides that the word "insured" covers certain persons while using the automobile. The part of the policy designated as "Conditions" reads: "1. Automobile Defined. Two or More Automobiles. Except where specifically stated to the contrary, the word 'automobile' wherever used in this policy shall mean the motor vehicle . . . described herein." It is manifest to us that the policy did not insure Soden in the operation of any automobile. It insured him in the operation of the automobile described in the policy. The result in this case may seem harsh, but

the courts cannot make a contract for the parties. It is unfortunate that Soden did not take out a liability policy insuring against risks in the operation of the car purchased in October 1936.

Because of the views expressed, the judgment of the circuit court of Cook county is reversed and the garnishee is discharged.

*Judgment reversed and garnishee discharged.*

HEBEL and KILEY, JJ., concur.